# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 99-41437
G-99-CV-417
Summary Calender

_____

DIAMOND OFFSHORE COMPANY; DIAMOND OFFSHORE U.S.A. INC; DIAMOND OFFSHORE DRILLING, INC; DIAMOND OFFSHORE DRILLING SERVICES,,

Plaintiffs - Counter Defendants - Appellants - Cross-Appellees,

v.

A&B BUILDERS, INC,

Defendant - Counter Claimant - Appellee - Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas

_____

August 3, 2000

Before REYNALDO G. GARZA, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM[1]:

This is an appeal from partial summary judgment granted on behalf of Diamond. Diamond

filed a declaratory judgment action in the Southern District of Texas seeking, in relevant part, a

determination of its rights to indemnification under a contract with A&B in the ongoing,

underlying state suit in which Lee E. McMillon, an employee of A&B, has sued Diamond, the

owner of the ship on which McMillon was allegedly injured. For the reasons described below, we

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remand to the district court for a determination of whether McMillon directly qualified for coverage under Section 905(b) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b).

In this case, the district court granted Diamond's motion for partial summary judgment, determining, in relevant part, that the indemnity provision was valid and that A&B had a duty to indemnify Diamond in the McMillon suit.[2] A&B argued that LHWCA § 905(b) rendered the indemnity clause void.[3] The district court determined that the indemnity clause was saved by LHWCA § 905(c), which carves out an exception for reciprocal indemnity agreements incurred as the result of operations on the Outer Continental Shelf (OCS). Section 905(c) provides, in relevant part:

> Nothing contained in subsection (b) of this section shall preclude the enforcement according to its terms of any reciprocal indemnity provision whereby the employer of a *person entitled to received benefits under this chapter by virtue of section 1333 of Title 43* and the vessel agree to indemnify the other for the cost of defense and loss or liability for damages arising out of or resulting from death or bodily injury to their employees. (emphasis added). 33 U.S.C. § 905(c)

For the purposes of this remand, the relationship between Section 1333 of the Outer Continental Shelf Lands Act (OCSLA), and LHWCA § 905(b) and § 905(c) can be described thusly: if

---

[2] We recognize that A&B also appeals from the district court's finding that the additional insured provision of the contract created a separate obligation; while Diamond cross-appeals from the district court's decision to not consider awarding damages to Diamond. However, it is not necessary to address these issues for the limited purposes of this remand.

[3] Section 905(b) provides that:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel as a third party . . . and the employer shall not be liable to the vessel for such damages directly or indirectly, and any agreements or warranties to the contrary shall be void.

2

McMillon has a cause of action under § 905(b) "by virtue of" the application of § 1333(b), then § 905(c) applies to provide an exception to the bar against indemnity in § 905(b).

On appeal, A&B argues that Section 905(c) does not apply to save the indemnity clause because that exception is only available to workers who qualify *solely* by virtue of OCSLA. In other words, A&B argues that McMillon's direct qualification for benefits under 905(b) precludes operation of OCLSA § 1333(b).

The district court determined that McMillon qualified for LHWCA benefits under OCLSA § 1333, but never determined whether McMillon qualified directly under LHWCA § 905(b). This leaves two possibilities: (a) McMillon fails to qualify for the LHWCA directly, but qualifies via the OCSLA, in which case Section 905(c) applies; or (b) McMillon qualifies under both OCLSA and the LHWCA. The district court saw no need to determine which of the two possibilities applied as it presumed "there is no reason to suppose that § 905(c)'s exception is available only to those workers who qualify *solely* by virtue of the OCSLA." Whether this is so is an issue of first impression for this court, which would only need to be addressed if it were first determined that McMillon qualified for LHWCA benefits under both LHWCA § 905(b) and OCLSA § 1333. We remand for such a determination of McMillon's status under both sections. As is our duty, we refrain from presently and prematurely addressing this issue of first impression until the factual controversy is determined to require such analysis.

REMANDED with instructions.